

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET,  ROOM 4050
TRENTON, NJ  08608
(609)989-2009

CHAMBERS OF
GARRETT E. BROWN, JR.
CHIEF JUDGE

ORIGINAL TO THE CLERK

October 12, 2005

Lisa J. Rodriguez, Esq.
Trujillo Rodriguez & Richards, LLP
8 Kings Highway West
Haddonfield, NJ 08033

Gregory C. Parliman, Esq.
Pitney Hardin, LLP
P.O. Box 1945
Florham Park, NJ 07932

Ilan E. Simon, Esq.
Pitney Hardin, LLP
P.O. Box 1945
Florham Park, NJ 07932

**RECEIVED**

OCT 14

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

Re:     *Furstenau, et al., v. AT&T Corp., et al., 02-5409 (GEB)*

## LETTER OPINION

Dear Counsel:

This Letter Opinion resolves Plaintiffs' Class Counsel's pending application for attorneys' fees and costs pursuant to the settlement agreement between the parties and the "Amended Application By Class Counsel For An Award Of Attorneys' Fees, Costs And Expenses and An Award For Plaintiff," dated September 13, 2005. The Amended Application modified the "Application by Class Counsel for an Award of Attorneys' Fees, Costs and Expenses, and an Award for Plaintiff," dated August 1, 2005.

1

The Final Judgment and Order approving the class action settlement of the ERISA claims was signed by the Court on September 19, 2005. On that date, Class Counsel moved for award of attorneys' fees, costs and expenses. Class Counsel requested fees in the amount of $8,410,000, which is 29% of the $29,000,000 settlement fund ("Settlement Fund"); costs and expenses in the amount of $1,246,295.41; and award to plaintiff in the amount of $5,000; plus interest in the event of an appeal.

The Amended Application differs from the initial Application most significantly with respect to the request for attorneys' fees. The request of 29%, or $8.41 million, of the Settlement Fund is a reduction from the initial request of 33 1/3%, or $9.66 million. This amount is 1.7 times Class Counsel's lodestar. The reduction, totaling $1.25 million, was made at the request of an independent fiduciary. The reduced amount is 1.5 times Class Counsel's lodestar.

"Under what has been denominated the 'American Rule' for payment of fees, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *Brytus v. Spang & Co.*, 203 F.3d 238, 241 (3d Cir. 2000)(citation omitted). "Over the years, a widespread exception has grown as an increasing number of statutes have authorized payment of attorney's fees by one party to the party that prevailed. The ERISA statutory fee provision is such a congressional enactment." *Id.* at 241-42. The provision states that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "Another well-recognized exception to the general principle that an attorney must look to his or her own client for payment of attorney's fees is the common fund doctrine." *Brytus*, 203 F.3d at 242. "[T]he Supreme Court has consistently recognized 'that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'" *Id.* (citation omitted).

"The distinction between the fee in these two types of cases . . . has practical relevance." *Id.* "Under the common fund doctrine the plaintiff class as a whole rather than the defendant bears the burden of attorney's fees." *Id.* Additionally, "it affects how the fee is calculated, as the 'lodestar' method applied to set a reasonable attorney's fee under a statutory fee provision . . . is not necessarily applied under the common fund doctrine." *Id.* (internal citation omitted).

"Originally, it was contemplated that the lodestar could be adjusted upward or downward depending on a variety of factors, . . . but more recently the Supreme Court has sharply limited the number of factors which can be considered in adjusting the lodestar amount." *Id.* "According to the Court, the lodestar amount 'is 'presumed to be the reasonable fee' to which counsel is entitled.'" *Id.* at 243 (citations omitted).

"Attorney's fees under the common fund doctrine may be calculated using the lodestar method but more frequently such fees have been awarded using the percentage-of-recovery method, which awards a fee based on a percentage of plaintiffs' recovery." *Id.* "Because ERISA provides for a statutory fee, the district court has the discretion to require the defendant to pay a reasonable attorney's fee calculated under the lodestar method." *Id.* (citing 29 U.S.C. §

1132(g)(1)). "However, because a common fund was created from which all plaintiff members of the class will benefit, the court may be able to use the common fund doctrine in awarding attorney's fees from that fund, which would be deducted from the amount owing to all the beneficiaries." *Id.* Yet, "the fact that a common fund has been created does not mean that the common fund doctrine must be applied in awarding attorney's fees . . . ." *Id.*

"[S]ome courts have awarded a percentage fee under the common fund doctrine from class action settlements in which a statutory provision would have applied had the case gone to judgment." *Id.* at 246 (citing *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 563 (7th Cir. 1994); *Skelton v. General Motors Corp.*, 860 F.2d 250, 255 (7th Cir. 1988)). The Third Circuit "also has approved an award of fees from the common fund when the case has settled." *Id.* (citing *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 583 (3d Cir. 1984)). "[B]y far the largest number of ERISA cases to apply the common fund analysis are those that were settled . . . ." *Id.* at 247. "When there has been a settlement, the basis for the statutory fee has been discharged, and it is only the fund that remains." *Id.* at 246. "It is possible to negotiate a fee from the defendant in the context of a settlement although this must be carefully monitored to avoid conflicts of interest." *Id.* (citation omitted).

"[T]here remains the possibility that in some cases counsel for a class of plaintiffs may receive a higher fee award upon settlement than they would have received had the case proceeded to judgment." *Id.* at 247. Therefore, the Third Circuit has "directed the district courts to subject all fee applications in class action settlements to 'thorough judicial review.'" *Id.* (citation omitted). "The disparity between fees resulting from application of the different methods of calculation will be minimized if the district courts cross-check the fee from the percentage of recovery method against that from the lodestar method to assure that the percentage awarded does not create an unreasonable hourly fee." *Id.* (citations omitted).

The Third Circuit recently reiterated this statement:

> The percentage-of-recovery method is generally favored in common fund cases because it allows courts to award fees from the fund "in a manner that rewards counsel for success and penalizes it for failure." The lodestar method is more typically applied in statutory fee-shifting cases because it allows courts to "reward counsel for undertaking socially beneficial litigation in cases where the expected relief has a small enough monetary value that a percentage-of-recovery method would provide inadequate compensation" or in cases where the nature of the recovery does not allow the determination of the settlement's value required for application of the percentage-of-recovery method. Regardless of the method chosen, we have suggested it is sensible for a court to use a second method of fee approval to cross-check its initial fee calculation.

*In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005)(internal citations omitted). Although that case addressed a securities litigation, the court enumerated seven factors for the district court to consider when analyzing a fee award in a common fund case:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

*Id.* at 301 (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195, n.1 (3d Cir. 2000)). The court noted that the "factors 'need not be applied in a formulaic way . . . and in certain cases, one factor may outweigh the rest.'" *Id.* (citation omitted).

Class Counsel's initial Application applied the seven factor analysis set forth by the Third Circuit in *Gunter* and *Rite Aid*. First, the settlement agreement, as approved by this Court, created the $29,000,000 Settlement Fund to benefit thousands of AT&T employees. (Plaintiffs' Memorandum of Law in Support of Application at 17). Second, of the thousands of employees to ultimately benefit from the settlement, this Court has received no notice of any objections to Class Counsel's request for attorneys' fees. *(See id.* at 17). Third, Class Counsel asserts that the settlement was reached after intense litigation efforts and settlement negotiations in opposition to a prominent law firm representing defendants (*Id.* at 17-19). Fourth, Class Counsel asserted that this Action has been litigated for three years and posed numerous factual and legal issues. (*Id.* at 19-20). Fifth, Class Counsel asserts there were numerous risks in proving damages and liability in this litigation and the Class could have potentially recovered nothing.[1] (*Id.* at 21-23). Sixth, Class Counsel alleges that 15,803.80 hours were devoted to this case over three years, resulting in a lodestar of $5,561,887.75. (*Id.* at 23). This calculation leads into the final factor, whereby Class Counsel asserted that the initial request of 33 1/3% was within the range of attorneys' fees awarded by District Courts within the Third Circuit and consistent with the negotiated percentage in the private marketplace (*Id.* at 25-28).

Furthermore, Class Counsel used the lodestar simply as a cross-check after stating a percentage-of-recovery amount. Thus, Class Counsel arrived at the 1.5 multiplier indirectly when cross-checking the request to determine its reasonableness and did not specifically set out to adjust the lodestar. Consequently, the lodestar multiplier of 1.5 is not unreasonable in light of

---

[1] Although "the Supreme Court has held that courts may not increase the lodestar amount in consideration of the attorney's contingent risk when calculating a fee awarded pursuant to statute[,]" *Brytus*, 203 F.3d at 242 (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992)), the prohibition has not been extended to the analysis of reasonableness pursuant to the *Gunter* factors.

the analysis of the fee request pursuant to *Gunter*, which serves as a check of reasonableness akin to the lodestar.

Class Counsel's request for costs and expenses includes items such as expert witness fees, travel and lodging expenses, court reporter, document reproduction, photocopying, on-line research, postage and delivery costs, long distance telephone costs, transportation, mediation fees, and other necessary expenses directly related to the prosecution of the litigation. This Court has stated that "[c]ounsel in common fund cases is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the case." *In re Cendant Corp., Derivative Action Litig.*, 232 F. Supp. 2d 327, 343 (D.N.J. 2002)(citations omitted); *see also Yong Soon Oh v. AT&T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004). Given Class Counsel's documentation of the costs and expenses, this Court finds reimbursement through the Settlement Fund to be reasonable.

Finally, Class Counsel requests an award of $5,000 to plaintiff Richard R. Furstenau "for his significant effort and contribution to the prosecution and settlement" of the litigation. (Plaintiffs' Memorandum of Law in Support of Application at 29). Other courts have compensated named plaintiffs through awards from common funds created to benefit the entire class. *See, e.g., In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 400 (D.D.C. 2002). The premise of the award is to compensate the named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation. *Id.* Given the small percentage of the Settlement Fund that this award comprises, and that there has been no opposition, this Court finds the award to plaintiff to be reasonable.

Therefore, in accordance with the "Amended Application By Class Counsel For An Award Of Attorneys' Fees, Costs And Expenses and An Award For Plaintiff," Class Counsel is awarded attorneys' fees in the amount of $8,410,000, payable from the Settlement Fund; and costs and expenses in the amount of $1,246,295.41, payable from the Settlement Fund; and plaintiff Richard R. Furstenau is awarded $5,000, payable from the Settlement Fund.

An appropriate form of order will be filed with this Letter Opinion.

GARRETT E. BROWN, JR., U.S.D.J.